IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK E. VOTH,

    Plaintiff,

  v.

GARRETT LANEY, et al.,

    Defendants.

Case No. 2:16-cv-00779-AC

ORDER

BROWN, Judge.

    Plaintiff, an inmate currently housed at the Two Rivers Correctional Institution ("TRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983 pro se. Currently before the Court are several matters.

/ / /

/ / /

/ / /

/ / /

/ / /

1 - ORDER -

I.  **Plaintiff's First Four Requests for Preliminary Injunction (ECF Nos. 8, 9, 26, & 27)[1]**

   A.  **Background**

   When Plaintiff filed his Complaint commencing this action, he was incarcerated in the Disciplinary Segregation Unit ("DSU") at the Oregon State Penitentiary ("OSP"). Plaintiff's Complaint alleges that on or about April 1, 2016, he found feces in a food tray, which he believes caused him rectal bleeding and vomiting. He alleges he gets dizzy, exhausted, and weak from constant rectal bleeding. Plaintiff further alleges that he informed the sick-call nurse and requested to see a doctor, but that as of the date the Complaint was drafted he had not been scheduled to see a doctor.

   Plaintiff alleges he reasonably believes Defendant Laney is causing feces or other harmful substances to be put in Plaintiff's food tray in retaliation because Plaintiff reported being extorted and assaulted by other inmates at OSP. Plaintiff also alleges Defendants have inflicted cruel and unusual punishment against Plaintiff by filing a misconduct

---

[1] Plaintiff's motions state he seeks "temporary restraining orders." The standard for issuing a temporary restraining order is identical to the standard for preliminary injunction, and because Defendants have already appeared in this action it is appropriate to construe the motions as requests for preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Col, Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *see also* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2951 (2d. ed. 2007).

2 - ORDER -

report charging Plaintiff with extortion. By way of remedy, Plaintiff seeks money damages and injunctive relief prohibiting Defendants from housing Plaintiff in DSU, or in the Intensive Management Unit ("IMU") or the Administrative Segregation Unit ("ASU"). Plaintiff also seeks money damages.

In his first Motion for Temporary Restraining Order (ECF No. 8), Plaintiff reiterates his claim that Defendants have put feces or other harmful substances in Plaintiff's food. Plaintiff also alleges he is suffering from breathing lead paint fumes and from exposure to airborne asbestos fibers in the DSU, that there are no emergency call buttons in the DSU cells, that electric fans in the officers' station often "run hot" and "short out," and that there are no fire extinguishers, fire alarms, or sprinkler systems in the DSU to prevent injury in the event of a fire. Finally, Plaintiff complains that there is no hot water in DSU to make instant coffee or tea. Plaintiff does not delineate the specific relief sought in his first Motion for Temporary Restraining Order. Instead, he simply asks for "appropriate injunctive relief."

Plaintiff's Supplemental Motion for Temporary Restraining Order (ECF No. 9) alleges that on May 24, 2016, he once again found a hard, foul-smelling substance that appeared to be feces in his food tray. Plaintiff further alleges Defendants and/or other unknown officers at OSP told other inmates in DSU that

3 - ORDER -

Plaintiff is a snitch. Plaintiff reiterates the claims in his Complaint that Defendants are retaliating against Plaintiff for reporting that other inmates have assaulted him. Plaintiff also again complains generally about the conditions of confinement in the DSU. Plaintiff's Supplemental Motion contains a specific request for relief in the form of an Order requiring Defendants to release Plaintiff from DSU into the general population.

Plaintiff's Second Supplemental Motion for Temporary Restraining Order (ECF No. 26) alleges Correctional Officer Hannon (who is not a party to this action) physically assaulted Plaintiff, verbally taunted Plaintiff, and threw Plaintiff's legal materials in the garbage. By way of relief, Plaintiff seeks an order enjoining Defendants from disregarding Plaintiff's rights.

Plaintiff's Third Supplemental Motion for Temporary Restraining Order (ECF No. 27) alleges that Officer Hannon verbally taunted Plaintiff, opened and read Plaintiff's legal mail, and refused to process Plaintiff's grievances. Plaintiff reiterates his claim that Defendants are retaliating against Plaintiff. By way of relief Plaintiff seeks an order enjoining Defendants from retaliating against Plaintiff, refusing to process Plaintiff's grievances, inflicting cruel and unusual

4 - ORDER -

punishment against Plaintiff, and physically injuring Plaintiff.

In response to Plaintiff's motions, Defendants offer Declarations from Correctional Officer Michael Hannon, Lieutenant Stacey Kleier, and Maintenance and Operations Supervisor Jeffrey Hellesto. Officer Hannon denies all of the allegations made by Plaintiff in his Second and Third Supplemental Motions. Lieutenant Kleier reports that Plaintiff's complaint about the April 1, 2016, feces incident was unfounded, and that Plaintiff never reported the alleged May 24, 2016, incident to staff. Lieutenant Kleier also refutes Plaintiff's claims about the safety conditions in the DSU, and notes that Plaintiff refused to return to general population after his term in DSU ended. Supervisor Hellesto refutes Plaintiff's claims about the lead paint and airborne asbestos in the DSU, and notes that the electrical hazards Plaintiff complains of are non-existent.

Despite being afforded the opportunity to do so, Plaintiff did not file any reply in support of his motions. In particular, Plaintiff offers no evidence other than the allegations contained in his motions to support his claims or refute Defendant's evidence.

5 - ORDER -

**B.   Legal Standards**

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not be indulged except in a case clearly warranting it. *Dymo Indus. V. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).

A party seeking a preliminary injunction must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). "[T]he elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (2011) (citation omitted). Accordingly, the Ninth Circuit has held "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support

issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.*

Ordinarily, a preliminary injunction maintains the status quo pending a final decision on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A "mandatory injunction" altering the status quo by granting, before trial, the very relief sought in the action is appropriate only in extraordinary circumstances. *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1158 (9th Cir. 2006), *overruled on other grounds by Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976 (9th Cir. 2011). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

### C.   Discussion

The majority of the conditions complained of in Plaintiff's four motions are wholly unrelated to the claims alleged in his Complaint. As such, Plaintiff cannot establish a likelihood of success on the merits of those claims. *See Chatman v. Felker*, Case No. CIV S-03-2415 JAM KJM P, 2009 WL 173515, at * 1 (E.D. Cal. Jan. 29, 2009) (a plaintiff must

7 - ORDER -

necessarily establish a relationship between the injury claimed in the party's motion and the conduct alleged in the complaint) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *see also Bonneau v. Thomas*, Case No. 3:11-cv-00801-ST, 2011 WL 4944390, at #2 (D. Or., Oct. 17, 2011) (because claims raised in motion for preliminary injunction were not alleged in the operative pleading, plaintiff could not demonstrate any likelihood of success).

Plaintiff makes numerous allegations in his motions about actions allegedly undertaken by Officer Hannon, who is not a party to this action. This Court cannot issue an order against an individual who is not a party to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969). Moreover, to the extent the conditions complained of in Plaintiff's motions do coincide with the Complaint, Plaintiff offers no evidence to establish those claims. *See Balla v. Idaho Bd. of Correction*, Case No. CV81-1165-S-EJL, 2006 WL 1793555, at *2 (D. Idaho June 28, 2006) (preliminary injunctions are denied without a hearing when the written evidence clearly shows the lack of a right to relief).

Finally, the Court notes that Plaintiff is no longer housed in the DSU at OSP; as noted, Plaintiff is now incarcerated at TRCI. When a prisoner seeks injunctive relief concerning the prison where he is incarcerated, his claims for

8 - ORDER -

such relief become moot when he is no longer subjected to those conditions. *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Accordingly, the injunctive relief sought by Plaintiff has been rendered moot.

For these reasons, the Court DENIES Plaintiff's Motion for Temporary Restraining Order (ECF No. 8), Supplemental Motion for Temporary Restraining Order (ECF No. 9), Second Supplemental Motion for Temporary Restraining Order (ECF No. 26), and Third Supplemental Motion for Temporary Restraining Order (ECF No. 27).

**II. Plaintiff's ""Motion to Strike" (ECF No. 45) and Plaintiff's Objection to the Order Allowing Disclosure of Plaintiff's Medical Records (ECF No. 53)**

Plaintiff filed a motion to "strike" Defendants' response to Plaintiff's requests for preliminary injunctive relief on the basis that counsel for Defendants relied upon Plaintiff's medical records in preparing the response, in violation of Plaintiff's rights. Likewise, Plaintiff objects to Magistrate Judge John V. Acosta's August 5, 2016, Order (ECF No. 24) granting Defendants' motion to copy and inspect Plaintiff's medical records kept by the Oregon Department of Corrections. Plaintiff argues the release of his medical records to Defendants violates his rights under state and federal physician-patient privilege protections. Plaintiff also

9 - ORDER -

appears to argue the disclosure violates Plaintiff's rights under the Health Insurance Portability and Accountability Act ("HIPAA").

Plaintiff has waived any claim of medical privilege by filing this lawsuit. *Williams v. Oregon Dept. of Corrections*, Case No. 3:10-cv-00730-SI, 2012 WL 10620, at *10 (D. Or. Jan. 3, 2012), *aff'd* 542 Fed. Appx. 602 (9th Cir. 2013); *see also Chambers v. Burlington Northern R. Co.*, Case No. 3:91-cv-1125-FR, 1992 WL 310312, at *1 (D. Or. Oct. 16, 1992 (by raising issue of medical condition in complaint, plaintiff waived physician-patient privilege under Oregon law); *Bertram v. Sizelove*, Case No. 1:10-cv-00583-AWI-GBC(PC), 2012 WL 273083, at *3 (E.D. Cal. Jan. 30, 2012) (under federal law, physician-patient privilege may be waived when the patient files a lawsuit that places the content of the privileged communications in issue). Moreover, HIPAA permits disclosure of medical records in judicial proceedings if ordered by the court. 42 C.F.R. 164.512(e). Accordingly, Plaintiff's objection to the disclosure of his medical records pursuant to Or. Rev. Stat. § 179.495 is unfounded. The Court DENIES Plaintiff's Motion to Strike (ECF No. 45), and AFFIRMS Magistrate Judge Acosta's Order granting disclosure of Plaintiff's medical records pursuant to Or. Rev. Stat. § 179.495.

10 - ORDER -

**III. Plaintiff's Motion to Compel (ECF No. 55)**

Plaintiff filed a Motion to Compel (ECF No. 55) in which he contends Officer Hannon removed Plaintiff's legal material from his cell and threw it away. Plaintiff alleges that when he requested a "shakedown report" describing the legal material confiscated, Correctional Sergeant Vetter refused to do so. Plaintiff seeks an order compelling the return of the allegedly confiscated legal material. Plaintiff also seeks an order compelling Defendants to provide documents responsive to Plaintiff's first and second requests for production.

In response to Plaintiff's motion, Defendants submit a Declaration from Officer Hannon in which he denies confiscating or throwing away any of Plaintiff's papers, legal or otherwise. Instead, Officer Hannon describes confiscating and disposing of extra food Plaintiff had saved from previous meals, in violation of DSU regulations. Plaintiff provides no evidence contradicting Officer Hannon's account. Moreover, as noted above, Officer Hannon is not a party to this action, and this Court lacks authority to order action by a non-party.

To the extent Plaintiff seeks an order compelling Defendants to respond to Plaintiff's first and second requests for production, the Court notes that Plaintiff attached only a copy of his Second Request to his Motion. Plaintiff did not attach a copy of the First Request or a copy of Defendants'

11 - ORDER -

response to either request. As such, Plaintiff's Motion to Compel fails to comply with Local Rule 37-1. For these reasons, the Court DENIES Plaintiff's Motion to Compel Discovery (ECF No. 55).

### IV. Plaintiff's Fifth Request for Preliminary Injunctive Relief (ECF No. 59)

Finally, Plaintiff has filed a Fourth Supplemental Motion for Temporary Restraining Order (ECF No. 59), in which Plaintiff complains of conditions of confinement at TRCI, where he is currently housed. All of Plaintiff's claims relate to correctional officers employed at TRCI and at the Eastern Oregon Correctional Institution where Plaintiff was temporarily housed before his transfer to TRCI. As such, none of the claims relate to the allegations of Plaintiff's Complaint, which concern the conditions of confinement at the Oregon State Penitentiary.

As noted above, a plaintiff cannot obtain preliminary injunctive relief on claims that are not related to the allegations in the plaintiff's Complaint. Accordingly, the Court DENIES Plaintiff's Fourth Supplemental Motion for Temporary Restraining Order (ECF No. 59).

### CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Temporary Restraining Order (ECF No. 8), Supplemental Motion for Temporary Restraining Order (ECF No.

12 - ORDER -

9), Second Supplemental Motion for Temporary Restraining Order (ECF No. 26), Third Supplemental Motion for Temporary Restraining Order (ECF No. 27), Motion to Compel Strike (ECF No. 45), Motion to Compel Discovery (ECF No. 55), and Fourth Supplemental Motion for Temporary Restraining Order (ECF No. 59). IT IS FURTHER ORDERED that Magistrate Judge Acosta's Order (ECF No. 24) granting Defendants' Motion to Inspect and Copy Plaintiff's Medical Records is AFFIRMED.

IT IS SO ORDERED.

DATED this 2nd day of December, 2016.

_____
ANNA J. BROWN
United States District Judge

13 - ORDER -